UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

WAYNE BOLDEN,

                                  Petitioner,

                                                    DECISION and ORDER

-vs-

                                                    06-CV-6039-CJS-VEB

THOMAS M. POOLE,

                                  Respondent.

_____

       **Siragusa, J.** Petitioner's petition (Docket No. 1) for a writ of habeas corpus was referred to U.S. Magistrate Victor E. Bianchini pursuant to 28 U.S.C. § 636 for a Report and Recommendation ("R&R"). On November 22, 2010, Judge Bianchini filed a R&R recommending that the Court deny Petitioner's application for a writ of habeas corpus. Granted an extension, Petitioner filed objections to the R&R on February 24, 2011. For the reasons stated below, after *de novo* review of the matters to which Petitioner objects, the Court accepts Judge Bianchini's Report and Recommendation.

## STANDARD OF REVIEW

       A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations [*5] made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific" and "written," and submitted "[w]ithin 14 days after being served with a copy" of the report and recommendation. Fed. R. Civ. P. 72(b)(2); see also 28 U.S.C. § 636(b)(1)(C).

Where a party submits timely objections to a report and recommendation, as Plaintiff has here, the district court reviews the parts of the report and recommendation to which the party objected under a de novo standard of review. 28 U.S.C. § 636(b) (1)(C); Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.").

## ANALYSIS

### *Right to Proceed Pro Se in the State Criminal Case*

Petitioner's first point is that he was denied the right to proceed *pro se* in the criminal case tried in State court. Respondent contends that Petitioner did not make an unequivocal request to proceed *pro se* and, moreover, only repeatedly requested a new attorney be appointed to him. Judge Bianchini determined "that the record does not reflect an unequivocal demand by [Petitioner] to act as his own attorney." In his Objections, Petitioner takes issue with Judge Bianchini's citation to *Feretta v. California*, 422 U.S. 806 (1975) and argues that even if he did request a new attorney, that would not necessarily mean he had forfeited his right to proceed *pro se*. (Bolden Formal Objection (Docket No. 22), at 1–2.)

The Court notes that in *Feretta*, the Supreme Court determined that the defendant, "weeks before trial,…clearly and unequivocally declared to the trial judge that he wanted to represent himself and did not want counsel." *Faretta*, 422 U.S. 806 at 835. Petitioner has pointed to no evidence in the record showing that he "clearly and unequivocally" declared he wanted to represent himself. As Judge Bianchini pointed out in the R&R, the U.S. Court of Appeals for the Second Circuit, has cautioned that, "[i]f an unequivocal request were not

required, convicted criminals would be given [**7] a ready tool with which to upset adverse verdicts after trials at which they had been represented by counsel." *United States ex rel. Maldonado v. Denno*, 348 F.2d 12, 16 (2d Cir. 1965). Nothing in Petitioner's Formal Objections requires that Judge Bianchini's determination be disturbed.

### *Ineffective Assistance of Counsel*

Petitioner next argues that Judge Bianchini's statement, that *Strickland v. Washington*, 466 U.S. 668 (1984), does not set a requirement for any particular number of attorney/client consultations, "is farthest from the truth…." (Formal Objections at 4.) He further argues that counsel has a constitutional obligation to adequately communicate with his client. Judge Bianchini determined that, although defense counsel visited with him only once in jail, holding that this presents a case of ineffective assistance of counsel would be tantamount to application of a mechanical rule, which the Supreme Court specifically did not establish in *Strickland*. *See Byas v. Keane*, No. 97 CIV. 2789(SAS), 1999 U.S. Dist. LEXIS 12315 (S.D.N.Y. Aug. 10, 1999) ("To require a particular number of meetings between counsel and client would establish a mechanical rule in violation of that very principle.") Judge Bianchini concluded that even if true (that counsel only visited him one time), Petitioner nevertheless, "has failed to demonstrate how trial counsel's failure to visit negatively affected counsel's ability to defend [him]." (R&R, at 9.) Petitioner counters, in his Formal Objections, that "[c]ounsel's complete failure to communicate with petitioner prior to or during trial amounted to the constructive denial of counsel altogether and was thus exempt from *Strickland's* prejudice inquiry." (Formal Objections, at 5.) Petitioner relies on *United States v. Cronic*, 466 U.S. 648 (1984) in support of this argument. In *Cronic,* the

Supreme Court determined that, "[i]f no actual 'Assistance' 'for' the accused's 'defense' is provided, then the constitutional guarantee has been violated." *Cronic*, 466 U.S. at 654 (quoting the Sixth Amendment; footnote omitted). Petitioner maintains that because his attorney failed in his communications with him, he was effectively without the assistance of counsel at all. Petitioner did not raise this argument in his original petition. Moreover, he does not demonstrate in his Objections that his trial counsel did not communicate with him. Since the record does not support his conclusory statement, the Court rejects his argument.

Petitioner also takes issue with trial counsel's failure to subpoena the identification card issued to him upon his release from jail, some three months prior to the burglary of which he stands convicted. Petitioner contends in his Objections that the photo identification would have suggested a reasonable doubt about the victim's identification of him as the burglar, since it was relevant to whether Petitioner customarily wore a goatee. (Formal Objections, at 6–7.) Judge Bianchini rejected this position, stating that Petitioner, "apparently is suggesting that he could not have grown a goatee in three months time. However, there is no intimation that [Petitioner] suffers from some disorder that impedes or prevents him from growing a beard." (R&R, at 11.) Essentially, Petitioner's argument is that his counsel's tactical decision not to subpoena the identification card amounted to ineffective assistance. The Court determines that Petitioner has not shown how this tactical decision meets the *Strickland* standard for ineffective assistance.

Finally, Petitioner objects to Judge Bianchini's determination with regard to trial counsel's failure to introduce the victim's statement into evidence. Petitioner points out that the jury requested to see the statement, but was told it was not in evidence. (Formal

Objections, at 7.) Petitioner further points out, as did Judge Bianchini, that the statement made no reference to having a lazy eye.[1] (*Id*.) Judge Bianchini wrote:

> the substance of the victim's statement was put before the jury during trial for its consideration: Defense counsel confronted Mrs. Bennett with her prior statement when he cross-examined her, and questioned her about the varying descriptions of the perpetrator she provided to the police in an attempt to impeach her credibility and show that she was not a reliable witness. T.87-89. It is true that when the jury asked to see the statement, they were told the statement itself, was not in evidence; however, the judge explained that the jury could have reread to them all of the testimony pertaining to the victim's statement. Thus, although [Petitioner] is correct that the victim's written statement was not made an evidentiary exhibit at trial, [Petitioner] overlooks the fact the jury was provided with the statement's contents.

(Report & Recommendation, at 13.) Although Petitioner refers to the written statement as, "by far the most critical piece of proof," he fails to demonstrate how not having the physical statement, but having the information from that statement, rather than the statement itself somehow prejudice him at trial. The Court rejects this objection.

## CONCLUSION

For the reasons stated above, the Court, after a *de novo* review of the points raised in Petitioner's Formal Objection, accepts in whole Judge Bianchini's R&R. Petitioner's application (Docket No. 1) for a writ of habeas corpus is denied.

The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal from this Decision and Order would not be taken in good faith, and leave to appeal to the Court of Appeals as a poor person is hereby denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal as a poor person should be directed, on

---

[1] Petitioner also uses the term, "bombed eye" in his description. (Formal Objections, at 7.)

motion, to the United States Court of Appeals for the Second Circuit, in accordance with Rule 24 of the Federal Rules of Appellate Procedure.

    IT IS SO ORDERED.

Dated:  March 9, 2011
         Rochester, New York

                ENTER:

                              /s/ Charles J. Siragusa
                              CHARLES J. SIRAGUSA
                              United States District Judge